***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner, assignments of error and the submissions before the Full Commission. The appealing party has not shown good ground to reconsider the evidence or receive further evidence and having reviewed the competent evidence of record, the Full Commission affirms the Decision and Order of the Deputy Commissioner.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDING OF FACT
1. A hearing before Deputy Commissioner Gillen on defendant's Motion to Dismiss was held on July 20, 2007. The Deputy Commissioner dismissed plaintiff's claim and plaintiff appealed to the Full Commission. *Page 2 
2. Plaintiff alleges that he received a longer prison sentence due to the negligence or deliberate indifference of Assistant District Attorney Rudy Renfer in his Tort Claim Affidavit filed with the North Carolina Industrial Commission.
3. Defendant moved to dismiss plaintiff's claim on the grounds that Assistant District Attorney Rudy Renfer is not an employee of the North Carolina Department of Justice. Additionally, defendant moved to dismiss on the grounds of public official immunity, allegations of intentional acts and failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSION OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. The Industrial Commission has no jurisdiction over the District Attorney's Office as it is not a state agency or department as required by the Tort Claims Act. N.C. Gen. Stat. § 143-291 et seq.; Harvey v.Guilford County District Attorney's Office (I.C. file No. TA-15954, filed June 9, 2000) (Industrial Commission does not have jurisdiction over a District Attorney); Austin v. State of North Carolina and DurhamCounty District Attorney's Office (I.C. File No. *Page 3 
Ta-17185, filed May 7, 2004) (Industrial Commission does not have jurisdiction over Durham County District Attorney's Office because it is not a state agency or department).
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby dismissed with prejudice.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 18th day of March 2008.
 S/______________________
 PAMELA T. YOUNG
 CHAIR
CONCURRING:
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/______________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1